J-S39002-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FREDERICK THOMAS SHAMBAUGH | : | |
| | : | |
| Appellant | : | No. 862 MDA 2022 |

Appeal from the PCRA Order Entered May 12, 2022
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0002285-2008

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FREDERICK THOMAS SHAMBAUGH | : | |
| | : | |
| Appellant | : | No. 863 MDA 2022 |

Appeal from the PCRA Order Entered May 12, 2022
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0002223-2008

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FREDERICK THOMAS SHAMBAUGH | : | |
| | : | |
| Appellant | : | No. 864 MDA 2022 |

Appeal from the PCRA Order Entered May 12, 2022
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0002224-2008

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

:
v.                                          :
:
:
:
FREDERICK THOMAS SHAMBAUGH        :
:
Appellant              :        No. 865 MDA 2022

Appeal from the PCRA Order Entered May 12, 2022
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0002226-2008

COMMONWEALTH OF PENNSYLVANIA    :      IN THE SUPERIOR COURT OF
:              PENNSYLVANIA
:
:
v.                                          :
:
:
:
FREDERICK THOMAS SHAMBAUGH        :
:
Appellant              :        No. 866 MDA 2022

Appeal from the PCRA Order Entered May 12, 2022
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0002244-2008

COMMONWEALTH OF PENNSYLVANIA    :      IN THE SUPERIOR COURT OF
:              PENNSYLVANIA
:
:
v.                                          :
:
:
:
FREDERICK THOMAS SHAMBAUGH        :
:
Appellant              :        No. 867 MDA 2022

Appeal from the PCRA Order Entered May 12, 2022
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0002282-2008

COMMONWEALTH OF PENNSYLVANIA    :      IN THE SUPERIOR COURT OF
:              PENNSYLVANIA
:
:
v.                                          :
:
:
:

FREDERICK THOMAS SHAMBAUGH : 
:
Appellant : No. 868 MDA 2022

Appeal from the PCRA Order Entered May 12, 2022
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0002248-2008

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
FREDERICK SHAMBAUGH :
:
Appellant : No. 889 MDA 2022

Appeal from the PCRA Order Entered May 12, 2022
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0002284-2008

BEFORE: PANELLA, P.J., BENDER, P.J.E., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.: **FILED JANUARY 25, 2023**

Frederick Thomas Shambaugh appeals from the order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), **see** 42 Pa.C.S.A. §§ 9541-9546. In his PCRA petition, Stambaugh sought removal from the sexual offender registry. Additionally, PCRA counsel, Dennis C. Dougherty, Esquire, has filed a motion to withdraw as counsel and a no-merit letter in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Because we agree with Attorney Dougherty's assessment that

Shambaugh's claim merits no relief, we grant Attorney Dougherty's motion to withdraw and affirm the order denying Shambaugh's PCRA petition.

In August 2008, Shambaugh pled guilty at eight separate docket numbers to a total of eleven counts of indecent assault – person less than 13 years old; 9 counts of corruption of minors; and two counts each of aggravated indecent assault of a child, involuntary deviate sexual intercourse – person less than 13 years old, indecent assault – person less than 16 years old, and indecent exposure. These charges were based on sexual contact he had with eight different minor victims between 1998 and 2006. **See** Trial Court Opinion, 8/3/22, at 2. As part of his plea agreement, Shambaugh acknowledged that he would be required to undergo an assessment by the Sexual Offenders Assessment Board to determine whether he would be classified as a sexually violent predator ("SVP"). Shambaugh agreed that if he was determined to be an SVP, he would waive his right to challenge the determination.

After a combined SVP and sentencing hearing, the trial court found Shambaugh to be an SVP and notified him of his lifetime registration and reporting requirements under Megan's Law III. **See** 42 Pa.C.S.A. §§ 9795.1-9799.4 (expired). The trial court also sentenced Shambaugh to an aggregate term of 12½ to 25 years in prison. Shambaugh did not file a direct appeal.

On March 26, 2018, Shambaugh filed a *pro se* PCRA petition challenging the retroactive application of the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10-9799.75, based on the decisions in

*Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017) (plurality), and *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017) ("*Butler I*").[1] The PCRA court appointed Shambaugh counsel, who filed an amended PCRA petition on his behalf. In the amended PCRA petition, Shambaugh argued he should not be required to register as an SVP under SORNA because he was sentenced under Megan's Law, which had different requirements.

The PCRA proceedings were temporarily stayed pending this Court's *en banc* decision in *Commonwealth v. Lippincott*, 208 A.3d 143 (Pa. Super. 2019) (*en banc*), and our Supreme Court's decision in *Commonwealth v. Lacombe*, 234 A.3d 602 (Pa. 2020). The PCRA court later lifted the stay and issued Pa.R.Crim.P. 907 notice of its intent to dismiss Shambaugh's petition without a hearing. Shambaugh did not file a response. On May 12, 2022, the PCRA court dismissed Shambaugh's PCRA petition.[2]

_____

[1] In *Muniz*, our Supreme Court held that registration requirements established by SORNA constitute criminal punishment rather than a civil penalty, and therefore, their retroactive application violates the *ex post facto* clauses of the United States and Pennsylvania Constitutions. *Muniz*, 164 A.3d at 1193, 1223. Later, in *Butler I*, this Court declared unconstitutional section 9799.24(e)(3) of SORNA, which outlined SVP designation procedures. *See Butler I*, 173 A.3d at 1217-18.

[2] In its opinion, the PCRA court unnecessarily addressed the patent untimeliness of Shambaugh's PCRA petition. *See Lacombe*, 234 A.3d at 617-18 (clarifying that the PCRA is not the exclusive procedural mechanism under which to challenge sexual offender registration status and recognizing the inherent difficulty in applying the PCRA's strict requirements in the sexual offender registration context, as there have been frequent changes to registration requirements and may change after a defendant's sentence

*(Footnote Continued Next Page)*

Shambaugh filed timely notices of appeal at each of the eight related dockets. This Court *sua sponte* consolidated the appeals. Shambaugh and the PCRA court both complied with the dictates of Pa.R.A.P. 1925.

On September 14, 2022, Attorney Dougherty filed a **Turner**/**Finley** no-merit letter and a motion to withdraw as counsel. Attorney Dougherty notified Shambaugh of the motion to withdraw, sent him a copy of the **Turner**/**Finley** no-merit letter, and informed Shambaugh of his right to proceed *pro se* or retain new counsel. Shambaugh did not file a response.

As an initial matter, we must consider the adequacy of Attorney Dougherty's **Turner**/**Finley** filings. Pursuant to **Turner**/**Finley**, independent review of the record by competent counsel is required before withdrawal on collateral appeal is permitted. **See Commonwealth v. Reed**, 107 A.3d 137, 140 (Pa. Super. 2014).

> The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, … then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit….

---

becomes final). However, the court explained it did not rely on the PCRA's requirements, and instead "denied [Shambaugh's] claim for relief—however it was packaged or presented—because it is patently meritless." PCRA Court Opinion, 8/3/22, at 7.

*Id.* (citation omitted). Additionally, counsel must serve his client with the application to withdraw and no-merit letter, and he must inform his client of his right to proceed *pro se* or retain private counsel. **See id.**

Here, the record confirms that Attorney Dougherty served Shambaugh with a copy of his motion to withdraw and no-merit letter. The letter properly details Attorney Dougherty's review of the record and concludes that all possible issues would be frivolous to assert on appeal. Attorney Dougherty served copies of his filings on Shambaugh and provided an explanation of Shambaugh's right to raise additional claims by proceeding *pro se* or by retaining private counsel. Therefore, we conclude that Attorney Dougherty complied with the dictates of **Turner**/**Finley**.

In the **Turner**/**Finley** letter, Attorney Dougherty raised the issue of whether SORNA's registration requirements, as amended by Act 10 and Act 29, imposed an unconstitutional *ex post facto* punishment. **See Turner**/**Finley** Letter, 9/14/22, at 7.

Constitutional challenges to the retroactive application of SORNA present a question of law, over which an appellate court's scope of review is plenary and our standard of review is *de novo*. **See Lacombe**, 234 A.3d at 608.

At the time of his guilty plea, Shambaugh was subject to the registration requirements of Megan's Law III. Since that time, our laws governing sexual offender registration have undergone several changes. **See generally**

*Lacombe*, 234 A.3d at 608-17 (explaining in detail the history of changing sexual offender registration laws following Megan's Law III). In response to our Supreme Court's decisions in *Muniz* and *Butler I*, upon which Shambaugh relies, the General Assembly divided SORNA into two subchapters. Relevantly, Shambaugh is now subject to the registration requirements established in Subchapter I of SORNA because he committed the offenses between 1998 and 2006 and his registration requirements have not expired. *See* 42 Pa.C.S.A. § 9799.52(1) (providing that Subchapter I applies to individuals who were "convicted of a sexually violent offense committed on or after April 22, 1996, but before December 20, 2012, whose period of registration with the Pennsylvania State Police … has not expired"); *see also Commonwealth v. Smith*, 240 A.3d 654, 657 (Pa. Super. 2020) ("Because offender registration requirements evolve pursuant to the legislative decisions of our General Assembly, registrants must comply with **current** law." (emphasis in original)).

Our Supreme Court directly addressed the retroactive application of Subchapter I in *Lacombe*. The *Lacombe* Court found that the registration requirements set forth in Subchapter I are nonpunitive in nature. *See*

*Lacombe*, 234 A.3d at 626. Therefore, retroactive application of Subchapter I of SORNA does not violate the *ex post facto* clause. *See id.* at 626-27.[3]

Based upon the foregoing, Shambaugh's lifetime registration requirement remains valid, and he is not entitled to relief on his sole claim. Further, our independent review of the certified record does not reveal any other meritorious issues. We therefore grant Attorney Dougherty's motion to withdraw and affirm the PCRA court's order dismissing Shambaugh's PCRA petition.

Motion to Withdraw as Counsel granted. Order affirmed.

President Judge Emeritus Bender joins the memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/25/2023

_____

[3] We note that our Supreme Court concluded that the registration and notification requirements for SVPs under Subchapter H of SORNA do not constitute criminal punishment. *See Commonwealth v. Butler*, 226 A.3d 972, 993 (Pa. 2020) ("*Butler II*"). The Court held that the procedure for designating individuals as SVPs "remains constitutionally permissible" in light of the fact that the reporting requirements are nonpunitive. *Id.* at 976. While *Butler II* specifically addressed Subchapter H, which does not apply to Shambaugh, this Court has previously recognized that Subchapter H imposes more stringent standards than Subchapter I. *See Commonwealth v. Alston*, 212 A.3d 526, 529 (Pa. Super. 2019).